**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| KEITH J. MITAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:07-2762-CMC-BM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| EDWARD T. PENDARVIS, | ) | |
| SUNBELT BUSINESS ADVISORS | ) | |
| NETWORK, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| MMI BUSINESS BROKERS, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| BRCSLC, INC., a Utah Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a diversity action for defamation brought by a Michigan attorney on his own behalf; i.e., pro se; concerning postings on an Internet website. The Defendant BRCSLC, Inc., filed a motion to dismiss on October 30, 2007, asserting that this Court lacks personal jurisdiction over that Defendant. However, that motion was signed and submitted by its President and sole shareholder, not an attorney. As a corporate Defendant may not represent itself in a federal district court, an order was entered on October 31, 2007 advising the Defendant BRCSLC that it needed to retain counsel in this case, and that if it failed to do so it may be subject to judgment by default.

The deadline for obtaining counsel set forth in the Court's order of October 31, 2007 expired without further contact from the corporate Defendant, leading the Plaintiff to file a motion for entry of default on December 4, 2007. However, the Defendant BRCSLC has now obtained

1



counsel, and through counsel filed a memorandum in opposition to Plaintiff's motion for default judgment on December 20, 2007. In its response, BRCSLC represents that it did not receive a copy of the Court's order until sometime in November, at which time it contacted Utah counsel with regard to obtaining representation. South Carolina counsel was thereafter contacted and a retention letter was mailed by South Carolina counsel on November 21, 2007. This letter was received and signed by the corporate Defendant and received by South Carolina counsel on December 8, 2007, after Plaintiff had filed his motion for default judgment on December 4, 2007. See Burke Declaration. Defendant therefore contends that it acted with reasonable promptness to obtain counsel, that it has alleged a meritorious defense in its motion to dismiss,[1] and that Plaintiff's motion for default judgment should therefore be denied. The undersigned agrees.

Based on the foregoing, it is recommended that the Plaintiff's motion for default judgment be **denied**.[2] *Cf.* United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

The parties are referred to the Notice Page attached hereto.

                                         _____
                                         Bristow Marchant
                                         United States Magistrate Judge

Columbia, South Carolina
January 3, 2008

---

[1]Defendant has now filed a new motion to dismiss on jurisdictional grounds, signed by counsel.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. As Plaintiff's motion for a default judgment is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

3

