# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | | |
|---|---|---|
| KEITH J. MITAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:07-2762-CMC-BM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| EDWARD T. PENDARVIS, | ) | |
| SUNBELT BUSINESS ADVISORS | ) | |
| NETWORK, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| MMI BUSINESS BROKERS, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| BRCSLC, INC., a Utah Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by Plaintiff alleging a state law claim for defamation against the named Defendants. Plaintiff is an attorney, and is representing himself in this case.

One of the named Defendants, BRCSLC, Inc., has filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed.R.Civ.P. Although the Plaintiff is an attorney, since he is representing himself pro se, a Roseboro order was entered by the Court on January 3, 2008 advising Plaintiff of the importance of a dispositve motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's



1

motion may be granted. Plaintiff thereafter filed a memorandum in opposition to the motion, with attachments, on February 7, 2008. Defendant BRCSLC, Inc.'s motion is now before the Court for disposition.[1]

## **Discussion**

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Rule 4(k)(1)(A), Fed.R.Civ.P.; ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997). With respect to a non-resident defendant, the exercise of jurisdiction must be both authorized under the state's long-arm statute, and must comport with the due process requirements of the Fourteenth Amendment. Carefirst of Maryland v. Carefirst Pregnancy Ctrs., 334 F.3d 390, 396 (4th Cir. 2003). South Carolina's long-arm statute, S.C.Code Ann. § 36-2-803, requires that non-resident defendants have sufficient minimum contacts with South Carolina so that maintenance of the action "does not offend traditional notions of fair play and substantial justice." Atlantic Soft Drink Co. of Columbia, Inc. v. South Carolina National Bank, 336 S.E.2d 876, 878 (S.C. 1985), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Factors to be considered in determining whether due process is satisfied include the interest of the State in exercising its jurisdiction over non-residents, as well as 1) the duration of the activity of the non-resident in South Carolina; 2) the character and circumstances of the commission of the non-resident's acts; and 3) the inconvenience resulting to the parties by conferring or refusing to confer jurisdiction over the non-resident. Atlantic Soft Drink Co., 336 S.E.2d at 878.

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendant BRCSLC has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



The underlying facts pertinent to Defendant's motion in this case are not in dispute. Plaintiff is a resident of Michigan, while the Defendant BRCSLC, Inc., is a duly authorized corporation having its principal place of business in Utah. BRCSLC is also a registered foreign corporation in the State of Wyoming. Florez Affidavit; Complaint, ¶¶ 1 and 5. The Defendant Sunbelt Business Advisors Network, LLC is a Delaware limited liability company having its principal place of business in the State of South Carolina, while the Defendant MMI Business Brokers, LLC is a Delaware limited liability company having its principal place of business in the State of Ohio. Complaint, ¶¶ 3-4; see Defendants Edward T. Pendarvis and Sunbelt Business Advisors' Answer, ¶ 3.

On or about August 13, 2005, Sunbelt posted a document on its website discussing the Plaintiff. Subsequently, on or about February 1, 2006, MMI purchased Sunbelt's internet website. Sometime later (the date is not clear), the Defendant BRCSLC posted an article on its website entitled "Business Scams Continue to Spread", which referenced the Plaintiff and thanked the Sunbelt Network for providing the information contained in BRCSLC's article. Readers were also told that summaries of Plaintiff's activities could be found on the Sunbelt website. See Complaint, Exhibit [Entry No. 1-2]. Plaintiff argues that since Sunbelt's principal place of business is South Carolina and the statement contained on the BRCSLC website referenced Sunbelt and Sunbelt's website, this is sufficient to confer jurisdiction in South Carolina for its claim against BRCSLC because BRCSLC's article intentionally directed BRCSLC's readers to the Sunbelt website and thereby intentionally caused additional people to see the allegedly defamatory statements posted on Sunbelt's website.

To defeat Defendant's motion, Plaintiff need only make a prima facie showing that

3



jurisdiction exists.  Magic Toyota v. South East Toyota Distributors, 784 F.Supp. 306, 310 (D.S.C. 1992) ["where...there has been no evidentiary hearing and the court proceeds upon the written submissions, plaintiffs must make only a prima facie showing that jurisdiction exists"].  However, even construing all relevant facts and allegations in the light most favorable to the Plaintiff, the undersigned can discern no basis on which to subject BRCSLC to jurisdiction in South Carolina in this case.  *Cf.* Tuttle Dozer Works, Inc. v. Gyro-Tract, Inc., 463 F.Supp.2d 544, 546-547 (D.S.C. 2006).

        S.C.Code Ann. § 36-2-803(A)(3) provides that a court may exercise personal jurisdiction over a person who acts directly or through an agent relating to a cause of action arising from the person's commission of a tortious act in whole or in part in South Carolina.  However, while Plaintiff argues that BRCSLC's reference to Sunbelt's website in its article constituted the commission of a tortious act in whole or in part in South Carolina, the posting by BRCSLC of an allegedly defamatory article on its website did not, simply by referencing the Sunbelt website, direct electronic activity into the State of South Carolina with the manifested intent of engaging in business or for other interactions within this State.  ALS Scan, Inc. v. Digital Service Consultants, Inc., 293 F.3d 707, 714 (4th Cir. 2002).  See also Panovision Int'l, LP v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998).  The Court's exercise of jurisdiction over a non-resident defendant comports with due process only if that Defendant has sufficient minimum contacts with the forum state such that to require the Defendant to defend its interest in that state does not offend traditional notions of fair play and substantial justice.  Carefirst of Maryland, 334 F.3d at 397.  BRCSLC does not have a business relationship with the other Defendants in this case, and Darla Florez (BRCSLC's President and sole employee and shareholder) attests that she has never visited South Carolina, nor has she or BRCSLC

4



ever transacted any business in the State of South Carolina. Florez further attests that BRCSLC's website is for Utah clients or for purchasing assets of companies in the State of Utah. Florez Affidavit; *cf.* Harlan v. Wydawnico-ReKlamowa "Wprost" Sp, No. 705-260, 2006 WL 360023, *2 (D.S.C. Feb. 15, 2006).

> The standard for determining the existence of personal jurisdiction over a nonresident defendant varies, depending on whether the defendant's contacts with the forum state also provide the basis for the suit. If those contacts form the basis for the suit, they may establish "specific jurisdiction." In determining whether specific jurisdiction exists, we consider (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable". (internal citations omitted). If, however, the defendant's contacts with the state are not also the basis for the suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the state. To establish general jurisdiction, the defendant's activities in the state must have been "continuous and systematic." (internal citations omitted).

Carefirst of Maryland, 334 F.3d at 397.

Here, there have been no activities in South Carolina by this Defendant which could be deemed to have been "continuous and systematic" so as to provide general jurisdiction, nor has the Defendant availed itself of the privilege of conducting activities in South Carolina, or otherwise conducted itself, such that it would be constitutionally reasonable to confer specific jurisdiction over this Defendant. Id; see also ALS, 293 F.3d at 712 ["[A] person's action of placing information on the internet [is not alone sufficient to] subject [ ] that person to personal jurisdiction in each state in which the information is accessed"]; Carefirst of Maryland, 334 F.3d at 399.

## Conclusion

Based on the foregoing, it is recommended that the Defendant BRCSLC's motion to dismiss for lack of jurisdiction be **granted**, and that BRCSLC, Inc., be **dismissed** as a party



Defendant in this case, without prejudice.

    The parties are referred to the Notice Page attached hereto.

              _____
               Bristow Marchant
               United States Magistrate Judge

Columbia, South Carolina

March 28, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

